LOTTINGER, Judge.
This is a suit for damages as the result of the defendant entering upon property of petitioner and cutting trees growing along a right-of-way held by the defendant. The Lower Court awarded judgment in favor of defendant and the petitioner has appealed.
This case was consolidated for purposes of trial with the suit entitled Flenniken v. Southern Bell Tel. & Tel. Co., La.App., 101 So.2d 478. As the issues in both cases are identical our reasons for judgment given herein will apply as to both cases, however separate judgments will be rendered.
The facts show that during the year 1950 the defendant erected telephone lines across the properties in question. The petitioners admit that by virtue of the erection and maintenance of said lines by defendant, a servitude has been established across the properties in question under the doctrine as set forth by Gumbel v. New Orleans Terminal Co., 186 La. 882, 173 So. 518. In their petition the petitioners admit the establishment of the servitude. During the year 1954 the defendant entered upon the property in question and cut certain pine, oak and other trees which were growing within a distance of approximately 6 feet on both sides of the telephone lines. The question presented by the case is whether or not the defendant had the right to enter onto the property and cut the trees which were growing along, or in the very near vicinity, of its servitude. There was so much discrepancy in the testimony as to the width of the strip that was cleared that the Lower Court appointed two deputy sheriffs to go and measure the strip, and upon their testimony the Lower Court determined that the path averaged 12 feet in width. In this conclusion we cannot say he was manifestly erroneous.
Article 771 of the LSA-Civil Code provides that “When a servitude is established, everything which is necessary to use such servitude is supposed to be granted at the same time with the servitude.” Article 772 provides that “He to whom a servitude is due, has a right to make all the works necessary to use and preserve the same.” Thus, it is clear that where a servitude has been acquired, all the rights necessary to preserve or use this servitude pass with it.
It was shown by the evidence that some of the trees which were cut were some 12 to 16 feet in height. It certainly appears that in order to make use of the servitude owned by the defendant it was necessary to cut, or clear, the area under and within a reasonable distance of the telephone lines. Failure to do this would result in the trees growing into the line, and possibly causing damage to the lines of the defendant.
The Lower Court concluded that a path 12 feet in width was not unreasonable in order to properly maintain the lines. We certainly do not find any error in this decision. The path cut, although 12 feet in width, was only 6 feet on each side of the actual telephone lines. If the Courts were to allow a smaller path, it would be necessary for the defendant to constantly enter upon the property in order to clear its right-of-way. The petitioner claims that the only right-of-way acquired by the defendant was a two foot strip of ground on which the telephone poles were laid and for the distance of the telephone wires. In view of Articles 771 and 772 of the LSA-Civil Code, we are unable to agree with the petitioner’s contention, as the defendant has the right to enjoy the use of his servitude, and in order to properly *478 use the servitude a reasonable clearing of the trees is necessary. The evidence shows that the clearing in this case was of the usual and customary width.
For the reasons hereinabove assigned, the decision of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioners.
Judgment affirmed.