WATSON, Judge.
Plaintiff, Ronald C. McGuire, filed this suit against defendant, Central Louisiana Electric Company, Inc. (hereafter Cleco), to recover damages for certain trees on plaintiff’s property which Cleco allegedly cut and trimmed. The trial court dismissed plaintiff’s suit stating that cutting and trimming the trees was within the purview of Cleco’s right-of-way agreement; and in any event, the cutting was done by an independent contractor, Meador Contracting Company of Louisiana, Inc. Plaintiff has appealed from the adverse judgment.
Plaintiff contends that the trial court erred in finding: that the trees in question interfered with Cleco’s lines; that Cleco had the right to go outside its ten-foot right-of-way to trim and cut trees which were interfering with Cleco’s electric lines; and that the trees were cut by an independent contractor outside Cleco’s control.[1]
The factual issue as to whether the trees interfered with the electric lines was resolved by the trial court in favor of Cleco on the basis of ample evidence. Not only Thomas Edwin Orr, who supervised the clearing of the right-of-way, but Coy A. Purkey so testified.
The exact location of the right-of-way in relation to McGuire’s property is not clear from the record, but a marginal encroachment on the property apparently occurred.
The primary issue for decision is thus whether Cleco’s right-of-way permit gave *891 it the right to trim trees and shrubbery located off of the right-of-way proper. If Cleco’s permit gave it this right, then the secondary issue of whether the cutting was done by an independent contractor outside Cleco’s control is immaterial.
The right-of-way permit granted to Cle-co for electric lines provides that Cleco has a ten-foot right-of-way and easement and is granted the right:
“. . . to cut and trim trees and shrubbery to the extent necessary to keep them clear of said electric line or system and to cut down from time to time all dead, weak, leaning or dangerous trees that are tall enough to strike the wires in fallings.”
LSA-C.C. art. 709 provides that owners of land may establish such servitudes as they deem proper and the use and extent of these servitudes are regulated by the title granted. The servitude here established is conventional, rural, continuous and apparent. LSA-C.C. arts. 710, 727 and 728. The accessory right in question is granted by the terms of the right-of-way permit, but, even without establishment by title, the necessary accessory rights accompany the servitude. LSA-C.C. art. 771.
Sticker v. Southern Bell Telephone & Telegraph Co., 101 So.2d 476 (La.App. 1 Cir. 1958), is in point. There, a telephone company had a two-foot right-of-way but cleared a path 12 feet in width. The servitude was established without title but the court held that, under the provisions of LSA-C.C. arts. 771 and 772, the telephone company did not act unreasonably in clearing trees to a distance of six feet on either side of the line. Exactly the same situation is present here, although the instant case is stronger because the right to clear trees and shrubbery to keep them clear of the electric lines was specifically granted in the right-of-way permit. The right must be exercised in a reasonable manner, but the evidence is that Cleco’s cutting and trimming of McGuire’s trees was necessary. Purkey testified that it was not only necessary but desirable because the trees were too thick and needed trimming.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed to plaintiff-appellant, Ronald C. McGuire.
Affirmed.
MILLER, J., dissents and assigns written reasons.

. There is an allegation in plaintiff’s petition that the property was damaged by ruts left on the premises and testimony to this effect, but no assignment of error is made concerning the trial court’s failure to award this item of damages.