MILLER, Judge
(dissenting).
CLECO has a conventional servitude affecting the rear five feet of McGuire’s one acre homesite located in a developed subdivision. CLECO issued a workorder to its subcontractor Meador instructing it to clear a right-of-way ten feet wide at the extreme rear of McGuire’s property. Tr. 220-2. In compliance with the order Mea-dor cut an 8" (in diameter) pine tree 2.1 feet off CLECO’s (five foot wide) R/W, an 8" pine 5.6 feet off the R/W, and an 8" pine 1.6 feet off the R/W. Under the same workorder, Meador trimmed all limbs off one side of three pines, one of which was a 10" tree located II1/2 feet off the R/W. The stumps of the three trees cut off the R/W (and three more 8" trees cut from the five foot wide R/W) were not removed and presented a problem to the landowner. Three to four inch deep ruts of some thirty to forty feet in length were made during the cutting operation. Some of these were across the front of McGuire’s property. Tr. 158. All this activity occurred without prior notice to the McGuires and while they were away.
This case was tried to one trial judge and decided by another. Portions of the trial evidence were lost, but both counsel stipulated the lost evidence was irrelevant. The deciding judge bottomed the decision on his finding the cutting to have been that of an independent contractor, Meador, for which CLECO was not liable. I respectfully submit there is manifest error in *892 that conclusion, and in the majority’s affirmation based on other grounds.
The majority erred in stating the exact location of the right-of-way in relation to McGuire’s property is not clear. A surveyor employed by McGuire testified at Tr. 136 that he located CLECO’s transmission line “right along the south line of Lot 10 (rear of McGuire’s property).” The R/W instrument grants a ten foot R/W affecting the rear five feet of McGuire’s property and five feet off his neighbor’s lot. CLECO does not contend it did not know where its R/W was located.
The majority has disregarded McGuire’s argument claiming damages for ruts left on his premises on the grounds there is no such assignment of error. That is no basis for refusing damages which have been proved. *
As I read this record CLECO has, throughout these proceedings, acknowledged its error and has attempted to settle McGuire’s claim. McGuire’s demands were excessive and the matter had to go to trial. But McGuire established, and CLECO does not seriously contend to the contrary, that his property has been damaged and some damages are due.
The majority’s reliance on Sticker v. Southern Bell Telephone Company, 101 So.2d 476 (La.App. 1 Cir. 1958) is misplaced. The court there interpreted LSA-C.C. art. 771 as it applies to a servitude established by construction and maintenance of telephone lines. No other rights were established between the parties. But the accessory rights necessary to preserve the right-of-way were also acquired under C.C. art. 771.
CLECO’s servitude is conventional and is expressly limited to the rear five feet of McGuire’s property. Immediately following the terms of the servitude which are quoted by the majority, the limits of the R/W are set forth in these terms:—
It is understood and agreed that the Right-of-Way and easement hereby granted is 10-feet in width.
Half of this “10 feet” applies to McGuire’s neighbor’s property.
The majority now disregards the express terms of the R/W instrument and finds the extent of the servitude to be a reasonable distance. The majority not only failed to quote the provision limiting the grant to five feet of McGuire’s property, but has, for all practical purposes, read the provision out of the contract.
The vice of the majority opinion is that an owner can no longer expressly limit the extent of a conventional servitude. The servitude will be expanded to whatever a “reasonable” limit may be. This is not the intent of C.C. art. 771. It seeks to insure that an acquired right (the servitude) may not be obliquely defeated by denying to its owner another right essential to the exercise of the first. It applies where the right has been acquired by operation of law. It is not intended nor should it be used to strike down limits of an obligation, which limits are expressly established by the parties’ agreement.
Actually, LSA-C.C. art. 771 does not authorize a reasonable extension to the acces-sorial right, but only:—
the most direct, the shortest, and the least inconvenient to the estate subject to the servitude.
A finding that the exercise of accessory rights is reasonable does not, of itself, satisfy the plain language of the article. To the extent Sticker is taken as authority for the extension of the limits of a R/W, it is respectfully submitted it goes beyond the terms of the Code.
I would hold CLECO responsible for issuing a workorder to its sub-contractor instructing it to cut all trees within 10' of its transmission poles, when it knew its R/W was limited to 5'. I would also hold CLECO responsible for repairing ruts its sub-contractor placed on McGuire’s property and for removing stumps its sub-contractor created on this developed property. *893 Court costs and expert fees (but not attorney fees) should be taxed to defendant. Five hundred dollars would constitute a proper award for the damage CLECO caused to McGuire’s property.
I respectfully dissent.